IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL MARKOWITZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 13-2186-JDT-cgc |
| | ) | |
| OMAR SKALLI, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING MOTION TO AMEND
ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Paul Markowitz, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on March 25, 2013, accompanied by a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) The Court granted leave to proceed *in forma pauperis*. (D.E. 3.) On March 27, 2013, the case was referred to the assigned U.S. Magistrate Judge for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. (D.E. 4.)

On July 25, 2013, Plaintiff filed a document titled "Motion to Correct A Minor 'Misnomer' Error in Plaintiff's Misspelling of Defendants' Last Name . . ." (D.E. 6), which the Court construes as an amendment as of right. Therefore, the motion to amend is

GRANTED, and the Clerk is directed to MODIFY the docket to change the spelling of the Defendant's last name from Skalili to Skalli. The amended complaint restates the allegations in the original complaint, with only minor differences.

On August 16, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the complaint be dismissed. (D.E. 7.) Objections to that report and recommendation were due within 14 days. See Fed. R. Civ. P. 72(b)(2). However, Plaintiff has filed no objections.

In his complaint, Plaintiff alleges that on March 25, 2012, he was at the University of Memphis Life Sciences Building on legitimate business when he was "violently" attacked by the Defendant. Plaintiff allegedly sustained various injuries, including loss of work or employment[1] and loss of his personal property. Plaintiff also alleges that he was slandered by the Defendant at the time of the attack.[2]

The Magistrate Judge has recommended dismissal prior to service on the Defendant for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Magistrate Judge noted that, although Plaintiff references 42 U.S.C. § 1983, there is no allegation that the Defendant was acting under color of state law or that his actions violated Plaintiff's rights under the Constitution or law of the

---

[1] The allegation regarding loss of work or employment was added in the amended complaint.

[2] In the amended complaint, Plaintiff also asks the Court to consider his claim as arising under the Americans with Disabilities Act and the "Tennessee Disabilities Act". (D.E. 6 at 4.) However, Plaintiff includes no allegations explaining how the Defendant's actions violated these statutes. Plaintiff also references 42 U.S.C. § 1985 (id. at 3), but the amended complaint contains no actual allegations of conspiracy.

United States. With regard to the slander claim, Plaintiff has not identified the substance of the statements allegedly made by the Defendant, as required under Tennessee law.

Having reviewed the complaint and the law, the Court agrees with the Magistrate Judge's recommendation of dismissal. The Magistrate Judge has thoroughly explained her decision, and the issuance of a more detailed written opinion is unnecessary. Therefore, the Court ADOPTS the report and recommendation of the Magistrate Judge. This case is DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court

to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.